IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

        Plaintiff,

  v.

FIDLITY NATIONAL INFORMATION SERVICES, INC., et al.,

        Defendants.
                                            /

No. C 09-0453 SI

**ORDER**

      This action was filed on February 2, 2009. It named as defendants Fidelity National Information Services, Inc., Harold Jaffee and Does 1 through 99.

      No proof of service on defendant Fidelity National Information Services, Inc. was ever filed in this action, nor has that defendant appeared. The time to serve this defendant has expired. F.R.Civ.P. 4. Further, plaintiff represented at the May 11, 2009 Case Management Conference that he would file a request to dismiss this defendant without prejudice, although he never did so. Accordingly, defendant Fidelity National Information Services, Inc. is DISMISSED without prejudice.

      Plaintiff has filed a document (Docket No. 21) entitled "Amendment to Complaint Substituting Defendant's True Names for Fictitious Names," by which he purports to amend the complaint on file to provide the "true names" of two defendants previously identified as Doe 1 and Doe 2. Unlike the California state courts, federal courts do not permit use of Doe defendant procedures without leave of court, and it lies within the discretion of the district court whether a plaintiff may substitute named individuals for Doe defendants where he did not seek leave to amend to do so. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003). This Court finds that it is not appropriate to allow the substitution without consideration of a formal motion for leave to amend. The "Amendment to Complaint Substituting Defendant's True Names for Fictitious Names" is of no legal effect.

Plaintiff has also filed a "Notice of Motion and Motion to Amend Complaint," to add the same two defendants. (Docket No. 22) In the proposed amended complaint, plaintiff would add as defendants Gabrielle Hamm and Singer & Levick, P.C., a Texas lawyer and the Texas law firm she works for. These defendants are alleged to have represented a bankruptcy trustee in connection with a bankruptcy proceeding in Texas. No facts are alleged in the proposed amended complaint which would establish personal jurisdiction over either of these defendants in California. Even if plaintiff could state a claim against either defendant, about which the Court is doubtful, it is clear from the face of the complaint that there is no personal jurisdiction over them. Therefore, the proposed amendment would be futile and will not be allowed. Plaintiff's motion to amend is DENIED.

Plaintiff has also filed a motion to dismiss the only remaining defendant, Harold Jaffee, without prejudice. (Docket No. 23) Mr. Jaffee has been served, has been represented by counsel, has answered the complaint, has prepared and served a Case Management Conference Statement and has participated in a Case Management Conference. Under such circumstances, F.R.Civ.P. 41(a)(2) provides that an action may be dismissed at plaintiff's request only by court order, on terms that the court considers proper. This Court considers that dismissal is proper but that it should be with prejudice. Accordingly, defendant Jaffee is DISMISSED with prejudice.

At the initial Case Management Conference in May, 2009, a further Case Management Conference was scheduled for August 21, 2009. On August 17, 2009, plaintiff filed a request that this Conference be continued for at least 60 days in order that he may "serve the newly determined defendants" and because he has filed a motion to amend the complaint which is scheduled to be heard on September 25, 2009. (Docket No. 24) In light of the rulings set out above, the Case Management Conference is no longer necessary and it VACATED.

The action is DISMISSED.

**IT IS SO ORDERED.**

Dated: August 19, 2009

SUSAN ILLSTON
United States District Judge

2